IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| TEREK RAHEEM DOWNING | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 05-568-SLR |
| | ) | |
| CORRECTIONAL OFFICER ART DAVIS, CORRECTIONAL OFFICERS and STAFF – to be named later, FIRST CORRECTIONS MEDICAL, INC., WARDEN THOMAS CARROLL, M. JANE BRADY, DELAWARE DEPARTMENT OF CORRECTIONS and DELAWARE DEPARTMENT OF COURT and TRANSIT, | ) ) ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OF POINTS AND AUTHORITIES

A. **Statement of Facts**

1. Terek Raheem Downing, (hereinafter "Plaintiff") is an inmate incarcerated within the Delaware Department of Correction (hereinafter "DOC") at the Delaware Correctional Center (hereinafter "DCC") in Smyrna, Delaware.

2. On or about August 4, 2005 Plaintiff filed this Complaint in the District Court of Delaware against the Delaware Department of Correction, Delaware Court and Transit, the Delaware Correctional Center, Correction Officer Art Davis, Warden Thomas Carroll, and former Attorney General M. Jane Brady (hereinafter "State Defendants") alleging causes of action pursuant to 42 U.S.C. §1983. (D.I. 2).

1

3.  On or about January 17, 2006, Waivers of Service returned executed as to Delaware Department of Correction, Delaware Correctional Center, Warden Thomas Carroll, Correction Officer Art Davis, and as to M. Jane Brady. Defendants' responses are due on March 6, 2006. (D.I. 8-13). To date, no other returns of service or waivers have been docketed.

4.  Plaintiff is alleging that on September 23, 2003, between the hours of 9:00 a.m. and 3:00 p.m. he was in a holding cell at the New Castle County Court House in Wilmington. (D.I. 2, Complaint). Plaintiff alleges Officer Davis opened the cell door and then placed him in handcuffs, leg shackles, and a chain and lock box around his waist to prepare for transport to DCC.[1] Plaintiff states that he had not been taken before a judge and inquired why he had been brought to court. Id. As a result of his inquiry, Plaintiff alleges his questions angered Defendant Davis. In reply, Plaintiff tells the officer "look I only asked you a question, why are you acting like a bitch. (sic)". Id. Plaintiff alleges that Davis pulled him by his shirt and jumpsuit scratching his neck. Id. He then caused Plaintiff to fall to the floor. Id. Plaintiff claims that Defendant kicked and dragged him on the floor. Id. Plaintiff alleges that Defendant Davis stood on his face as he lay on the floor. Id. Plaintiff alleges that he yelled to another officer to make [Davis] stop the beating, but was told "just be quiet." Id. Plaintiff alleges that he sustained this beating while other officers watched. Id. Plaintiff states that a lieutenant appeared and placed a paper towel over his wounded eye. Id. He then claims that he was transported to DCC. Id. At DCC, plaintiff alleges that several officers observed his condition and elicited the aid

---

[1] The Department of Correction uses a device called a travel chain during the transport of prisoners. The

of medical personnel to apply stitches to his eye. Id. Plaintiff also alleges that pictures of his injuries were not taken until a few days later, and that he was interviewed by internal affairs who documented the incident. Id. Plaintiff is suing the defendants in both their individual and official capacities.

    B.    **Standard of Review**

The legal standard for a motion to dismiss tests the legal sufficiency of the complaint. *Colburn v. Upper Darby Township*, 838 F.2d 663, 666 (3d Cir. 1988).When evaluating a motion to dismiss, the courts must "accept as true the factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." *See Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996); *Langford v. Atlantic City*, 235 F.3d 845, 847 (3d Cir. 2000). The dismissal standard as to "allegations of unconstitutional conduct" pursuant to Fed.R.Civ.P.12 (b) (6) requires a showing "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief, " *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

    **THE COMPLAINT SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED PURSUANT TO FED. R. CIV. P. 12 (b) (6).**

    C.    **Plaintiff does not allege specific conduct by Jane Brady or Thomas Carroll to show a deprivation of his constitutional rights**

In this instant complaint Plaintiff is essentially alleging that he was subjected to unnecessary and wanton infliction of pain in violation of the Eighth Amendment proscription against cruel and unusual punishment. Plaintiff names M. Jane Brady, former

---

chain is worn around the prisoner's waist and attached to a black box and handcuffs to prevent the prisoner

Attorney General and Thomas Carroll, Warden at DCC as defendants in this action. For Plaintiff to prevail on an Eighth Amendment claim involving these government officials under 42 U.S.C. section 1983, he must demonstrate that they were directly involved in a deprivation of his rights, or that they acted with "deliberate indifference" to his health or safety. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

Although Plaintiff remains incarcerated at the DCC, he is completely silent as to any specific acts committed by Defendants Carroll and Brady. No where in his complaint does Plaintiff mention that either the Warden or the former State Attorney General had knowledge of, acquiesced in, or were even remotely responsible for the alleged use of force he describes in his complaint. And, Plaintiff certainly has not alleged that Defendants Brady or Carroll played any role, directly or indirectly, with regard to this use of force. In fact, the Plaintiff never so much as mentions either individual in the body of his complaint. (D.I. 2).

Therefore in cases, such as the instant complaint by a state prisoner alleging civil rights violations, which contain only vague and conclusory allegations, with no specific allegations of unconstitutional conduct, and wholly unsupported by factual allegations which would entitle him to relief, dismissal pursuant to Fed. R. Civ. P. 12 (b) (6) for failure to state a claim upon which relief can be granted is appropriate.

    1.    **Defendants Carroll and Brady have no personal involvement with Plaintiff's claims**

Assuming <u>arguendo</u> that Plaintiff's excessive force allegations are true, he fails to

---

from tampering with the lock.

allege how Defendants Carroll and Brady were personally involved in this alleged conduct. Without personal involvement in alleged constitutional violations, these Defendants cannot be held liable. *Rhode v. Dellarcipete*, 845 F.2d 1195, 1207 (3d Cir. 1988). It is well established that "[a] defendant in a civil rights action must have personal involvement in the alleged wrong. Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity." *Id.* Under 42 U.S.C §1983, an individual cannot be held liable in the absence of personal involvement or knowing acquiescence in the alleged deprivation. *Bracey v. Grenoble*, 494 F.2d 566 (3d Cir. 1974). As aforementioned, Plaintiff's complaint does not identify how either M. Jane Brady or Warden Carroll participated in or was cognizant of the events which he claims violated his rights. The Plaintiff's complaint is completely devoid of any cognizable §1983 claim against Defendants Carroll and Brady. Clearly, accepting Plaintiff's allegations as true, the facts presented do not prove that Warden Carroll or former Attorney General Brady were the "moving force behind the constitutional violation" and that either acted with a deliberate indifference to his condition. Here Plaintiff attempts to hold Carroll and Brady as responsible parties in this action without alleging that they were personally involved in the alleged violation of his rights. As such, any purported complaint against Warden Carroll and former Attorney General Brady must be dismissed.

    **2.** **Defendants May Not Be Held Liable Under A *Respondeat Superior* Theory**

In the event Plaintiff seeks to impose liability against Defendants Carroll and

Brady, based on their supervisory roles as public officials for a subordinate's conduct, his complaint must be dismissed. In a civil rights action under Section 1983, liability may not be imposed vicariously against a supervisory official merely on the theory of *Respondeat superior*. *Rizzo v. Goode*, 423 U.S. 362, 375 (1976); *Gay v. Petsock*, 917 F. 2d 768, 771 (3d Cir. 1990); *Heine v. Receiving Area Personnel*, 711 F. Supp. 178, 186-188 (D. Del. 1989). A public official responsible for a subordinate's constitutional tort must either be the "moving force [behind] the constitutional violation" or exhibit "deliberate indifference to the plight of the person deprived." *Sample v. Diecks*, 885 F.2d 1099, 1189 (3d Cir. 1989) (citing *City of Canton v. Harris*, 489 U.S. 378, 389 (1989)). Plaintiff's complaint alleging excessive force is silent on the part of either Carroll or Brady, and therefore cannot withstand the motion to dismiss.

      **D.** **The Department of Correction, the Delaware Correctional Center, the Delaware Court and Transportation Center, Warden Carroll and former Attorney General Brady in their official capacities are immune from liability under the Eleventh Amendment to the United States Constitution**

The Department of Correction, the Delaware Correctional Center and the Delaware Department of Court and Transport are state agencies or "arms of the state" that exists pursuant to Delaware laws. 11 *Del. Code* §§ 6501, 6520. Thomas Carroll, Warden of the Delaware Correctional Center and former Attorney General M. Jane Brady are state officials acting under color of state law. The doctrine of sovereign immunity bars all claims against them.

The Eleventh Amendment provides that "the [J]udicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted

against one of the United States by citizens of another State, or by Citizens or Subjects of any Foreign State." While the Amendment does not facially bar suits against the State by its citizens, the United States Supreme Court has held that in the absence of consent, a state is "immune from suits brought in federal courts by her own citizens as well as by citizens of another State." *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974).

The Eleventh Amendment stands "for the constitutional principle that State sovereign immunity limit[s] the federal courts' jurisdiction under Article III." *Seminole Tribe of Florida v. Florida*, 517 U.S. 44 (1996). The United States Congress can waive the state's sovereign immunity, and therefore, its Eleventh Amendment immunity through the Fourteenth Amendment; however, only a clear indication of Congress' intent to waive the states' immunity will produce this result. Id. No such clear intent can be seen in 42 U.S.C. §1983. In fact, Congress' intent appears to be to the contrary as the statute facially allows suits only to be brought against "persons." 42 U.S.C. §1983.

Warden Carroll and former Attorney General Brady are state officials. A suit against a state agency or state official in his or her official capacity is treated as a suit against the State. *Hafer v. Melo*, 502 U.S. 21, 25 (1991). Under federal law, the state or officials acting in their official capacity are not "persons" for the purposes of 42 U.S.C. § 1983. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). Moreover, neither the Delaware constitution nor statutes expressly waive the State's Eleventh Amendment immunity. *See Ospina v. Dept. of Corr.*, 749 F. Supp. 572, 579 (D. Del.1990). Consequently, given this categorization, this Court lacks jurisdiction over the State or its officials acting in their official capacity, and the State Defendants are outside the class of persons subject to liability

under 42 U.S.C. § 1983.  Therefore, dismissal is appropriate.

### **CONCLUSION**

There being no arguable legal or factual basis as to all of the claims of liability raised by Plaintiff against the State and its officials, Federal Rule of Civil Procedure 12(b)(6) mandates dismissal of Plaintiff's Complaint against the State and its officials in their official capacities for failure to state a claim on which relief can be granted.

**WHEREFORE** for the foregoing reasons, State Defendants request this Court enter an order for dismissal, with prejudice, of Plaintiff's Complaint in their favor.

**STATE OF DELAWARE**
**DEPARTMENT OF JUSTICE**

　/s/Ophelia M. Waters
Ophelia M. Waters, I.D. 3879
Deputy Attorney General
Carvel State Office Building, 6th Fl.
820 North French Street
Wilmington, DE 19801
Dated: March 6, 2006                               (302) 577-8400

**CERTIFICATE OF SERVICE**

I hereby certify that on March 6, 2006, I electronically filed the Defendants *Motion to Dismiss with memorandum of points and authorities,* with the Clerk of Court using CM/ECF.

I hereby certify that on March 6, 2006, I have mailed by United States Postal Service, the document to the following non-registered participant: Terek Raheem Downing; SBI#; 00292285, Delaware Correctional Center, 1181 Paddock Rd, Smyrna, DE 19977.

    /s/ Ophelia M. Waters
Ophelia M. Waters, I.D. No.3879
Deputy Attorney General
Carvel State Office Building
820 North French Street, 6th Floor
Wilmington, Delaware 19801
(302) 577-8400