IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TEREK RAHEEM DOWNING, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 05-568-SLR |
| ) | |
| CORRECTIONAL OFFICER ART ) | |
| DAVIS, CORRECTIONAL OFFICERS ) | |
| AND STAFF, DELAWARE ) | |
| CORRECTIONAL CENTER, FIRST ) | |
| CORRECTIONS MEDICAL INC., ) | |
| WARDEN THOMAS CARROLL, ) | |
| M. JANE BRADY, DELAWARE ) | |
| DEPARTMENT OF CORRECTION, ) | |
| and DELAWARE DEPARTMENT OF ) | |
| COURT AND TRANSIT, ) | |
| ) | |
| Defendants. ) | |

Terek Raheem Downing, pro se Plaintiff.

Jason Wade Staib, Esquire and Vincent J. Poppiti, Esquire, of Blank Rome LLP, Wilmington, Delaware. Counsel for Defendant Officer Art Davis.

Ophelia Michelle Waters, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware. Counsel for Defendants Delaware Correctional Center,, Warden Thomas Carroll, M. Jane Brady, Delaware Department of Correction, and Delaware Department of Court and Transit.

First Corrections Medical Inc., Defendant.

**MEMORANDUM OPINION**

Dated: January 12, 2007
Wilmington, Delaware

*[signature]*
ROBINSON, Chief Judge

## I. INTRODUCTION

Presently before the court is a motion to dismiss filed by state defendants Delaware Department of Correction ("DOC"), Delaware Department of Court and Transit ("DCT"), Delaware Correctional Center ("DCC"), Warden Thomas Carroll ("Warden Carroll"), and M. Jane Brady ("Brady"), former Attorney General for the State of Delaware. (D.I. 17) Also before the court is plaintiff's motion for appointment of counsel. (D.I. 23) For the reasons set forth below, the court will grant the motion to dismiss, and will deny the motion for appointment of counsel.

## II. BACKGROUND

Plaintiff, an inmate at DCC, filed this civil rights complaint pursuant to 42 U.S.C. § 1983. (D.I. 2) He alleges his constitutional rights were violated on September 22, 2003, when he was subjected to excessive force while in a holding cell at the New Castle County courthouse. Plaintiff alleges he was transported to the DCC and taken to the infirmary for treatment, but did not receive stitches until the next day because no physician was available. The complaint alleges that defendants are employees of the DCC and First Corrections Medical, Inc.[1]

---

[1] A waiver of service for First Corrections Medical, Inc. was filed on March 13, 2006. To date, it has not answered or otherwise appeared. (D.I. 19)

## III. DISCUSSION

### A. Standard of Review

Rule 12(b)(6) permits a party to move to dismiss a complaint for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). The purpose of a motion to dismiss is to test the sufficiency of a complaint, not to resolve disputed facts or decide the merits of the case. Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993). To that end, the court assumes that all factual allegations in plaintiff's pleading are true, and draws all reasonable factual inferences in the light most favorable to plaintiff. Amiot v. Kemper Ins. Co., 122 Fed. Appx. 577, 579 (3d Cir. 2004). However, the court should reject "unsupported allegations," "bald assertions," or "legal conclusions." Id. A Rule 12(b)(6) motion should be granted to dismiss a pro se complaint only when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Estelle v. Gamble, 429 U.S. 97, 106 (1976) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

Moving defendants seek dismissal on the basis that the complaint fails to state a claim upon which relief may be granted. More specifically, Warden Carroll and Brady argue that the complaint does not allege specific conduct of a constitu-

tional violation on their behalf, they have no personal involvement with plaintiff's claims, and they may not be held liable under a respondeat superior theory. The DOC, DCC, DCT, Warden Carroll, and Brady further argue that they are immune from liability under the Eleventh Amendment to the United States Constitution.

Plaintiff responds that he is not an attorney, but he is sure there are extraordinary situations such as his where dismissal is inappropriate. (D.I. 24) He argues that there is a federal investigation into the prison system, and notes that his lawsuit was filed prior to the commencement of the investigation. Plaintiff asks the court to refrain from ruling on the motion to dismiss until discovery is complete.

### B.  Personal Involvement/Respondeat Superior

Warden Carroll and Brady argue that the complaint contains no allegations of acts committed by them or that they had knowledge of, acquiesced in, or were responsible for the alleged excessive force. Warden Carroll and Brady are named in the complaint in the section listing defendants. There are no other allegations directed towards these two defendants except to state that these defendants are employees of the DOC.

A civil rights complaint must state the conduct, time, place, and persons responsible for the alleged civil rights

-3-

violations. Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005) (citing Boykins v. Ambridge Area Sch. Dist., 621 F.2d 75, 80 (3d Cir. 1980); Hall v. Pennsylvania State Police, 570 F.2d 86, 89 (3d Cir. 1978)). Additionally, when bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

"'A[n individual government] defendant in a civil rights action must have personal involvement in the alleged wrongdoing; liability cannot be predicated solely on the operation of respondeat superior.'" Evancho v. Fisher, 423 F.3d at 353 (quoting Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988)). Personal involvement can be shown through allegations that a defendant directed, had actual knowledge of, or acquiesced in, the deprivation of a plaintiff's constitutional rights. Id.; see Monell v. Department of Social Services, 436 U.S. 658, 694-95 (1978). Supervisory liability may attach if the supervisor implemented deficient policies and was deliberately indifferent to the resulting risk or the supervisor's actions and inactions were "the moving force" behind the harm suffered by the plaintiff. Sample v. Diecks, 885 F.2d 1099, 1117-118 (3d Cir. 1989); see also City of Canton v. Harris, 489 U.S. 378 (1989);

-4-

Heggenmiller v. Edna Mahan Corr. Inst. for Women, No. 04-1786, 128 Fed. Appx. 240 (3d. Cir. 2005).

Defendants Warden Carroll and Brady are correct in their position that the complaint does not adequately allege their personal involvement. Indeed, the complaint contains no allegations to apprise them of their alleged wrongdoing. It appears that they are named as defendants based upon their supervisory positions. The complaint does not, however, allege that their actions and/or inactions were the moving force behind the conduct described by plaintiff. Therefore, the court will grant Warden Carroll and Brady's motion to dismiss on the issue of personal involvement and respondeat superior.

### C. Eleventh Amendment Sovereign Immunity

State defendants are correct that the Eleventh Amendment bars the claims filed against them. "Absent a state's consent, the [E]leventh [A]mendment bars a civil rights suit in federal court that names the state as a defendant." Laskaris v. Thornburgh, 661 F.2d 23, 25 (3d Cir. 1981)(citing Alabama v. Pugh, 438 U.S. 781 (1978)(per curiam)). The Eleventh Amendment limits federal judicial power to entertain lawsuits against a state and, in the absence of congressional abrogation or consent, a suit against a state agency is proscribed. See Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 98-100. The State of

Delaware has not waived its sovereign immunity under the Eleventh Amendment.  See Rodriquez v. Stevenson, 240 F.Supp.2d 58, 63 (D. Del. 2002).

The doctrine of sovereign immunity also bars suits for monetary damages against state employees in their "official capacities," absent waiver or Congressional override.  Kentucky v. Graham, 473 U.S. 159, 169 (1985).  Nothing indicates that § 1983 intended to effect a Congressional override of state sovereign immunity.  Further, § 1983 authorizes suits against "persons," and a suit against a state official is "no different than a suit against a state itself."  Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989).  Finally, state agencies, such as the DOC, DCC and DCT, are not persons subject to claims under 42 U.S.C. § 1983.  See Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989).  The claims against state defendants are barred by reason of sovereign immunity.  Therefore, the court will grant defendants' motion to dismiss on this issue.

## IV. MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff moves for appointed counsel on the basis that he is not a member of the bar, he has limited knowledge of the law, and appointed counsel aids in the discovery process.  (D.I. 23)

Plaintiff, a pro se litigant proceeding in forma pauperis, has no constitutional or statutory right to representation by

counsel. See Ray v. Robinson, 640 F.2d 474, 477 (3d Cir. 1981); Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997). The "decision to appoint counsel may be made at any point in the litigation, and may be made by a district court sua sponte." Montgomery v. Pinchak, 294 F.3d 492, 499 (3d Cir. 2002). It is within the court's discretion to seek representation by counsel for plaintiff, but this effort is made only "upon a showing of special circumstances indicating the likelihood of substantial prejudice to [plaintiff] resulting. . .from [plaintiff's] probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." Smith-Bey v. Petsock, 741 F.2d 22, 26 (3d Cir. 1984); accord Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993)(representation by counsel may be appropriate under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law).

After passing this threshold inquiry, the court should consider a number of factors when assessing a request for counsel, including: (1) plaintiff's ability to present his or her own case; (2) the difficulty of the particular legal issues; (3) the degree to which factual investigation will be necessary and the ability of plaintiff to pursue investigation; (4) plaintiff's capacity to retain counsel on his own behalf; (5) the

extent to which a case is likely to turn on credibility determinations; and 6) whether the case will require testimony from expert witnesses. Tabron, 6 F.3d at 155-57; accord Parham, 126 F.3d at 457; Montgomery v. Pinchak, 294 F.3d at 499.

In the present case, plaintiff has shown that he is able to articulate the alleged facts clearly. To date, the motions he has filed evidence his ability to understand and implement the Federal Rules of Civil Procedure. Also, contrary to plaintiff's assertions, this is not a complex case. Moreover, plaintiff's case will most likely not require expert testimony. For these reasons, plaintiff's motion for appointment of counsel is denied without prejudice.

## V. CONCLUSION

Based upon the foregoing analysis, the court will grant state defendants' motion to dismiss (D.I. 17) and will deny plaintiff's motion for appointment of counsel (D.I. 23). An appropriate order will be entered.